IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALHAJI SILLAH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-2138-RWS |
| RODOLFO LARA, : | |
| Acting Atlanta District Director, : | |
| United States Citizenship and : | |
| Immigration Services, : | |
| : | |
| Defendant. : | |

**ORDER**

This is an action for mandamus relief, which comes before the Court on Plaintiff's Motion for Adjudication of Complaint [2] and Defendant's Motion to Dismiss [5]. Plaintiff Alhaji Sillah, a citizen of Liberia, seeks to compel the office of the United States Citizenship and Immigration Services ("USCIS") to reconsider his Form I-485 Application to Register Permanent Residence or Adjust Status, which was denied on June 20, 2007. Plaintiff contends that the USCIS legally erred in determining that he was ineligible to apply for an adjustment of status. Because the Court concludes that it does not have subject

AO 72A
(Rev.8/82)

matter jurisdiction over the instant action, it denies Plaintiff's Motion for Adjudication and grants Defendant's Motion to Dismiss.

## Background[1]

Plaintiff entered the United States in 1994 in an effort to flee the dangers of war-torn Liberia. He entered illegally—that is, without inspection—and only two years later applied to acquire lawful residence. In 1996, Plaintiff availed himself of the Temporary Protected Status ("TPS") designation, which allowed certain Liberian citizens, among others, to remain in the United States to work for a temporary period until it was safe to return home. Plaintiff properly renewed his TPS status every year since 1996, and remained in TPS status at the time he filed this lawsuit.[2]

In April 2006, Plaintiff married a United States citizen. Three months later, on July 24, 2006, Plaintiff filed a Form I-485 Application to Register Permanent Residence or Adjust Status, seeking to become a permanent legal

---

[1] The facts are taken from Plaintiff's Complaint and are taken as true in the Court's consideration of Defendant's Motion to Dismiss.

[2] On September 20, 2006, the USCIS indicated that it would be terminating TPS protection for Liberians residing in the United States on October 1, 2007, apparently because conditions in Liberia improved. It appears that, since the filing of his suit and after the filing of his Application of Adjustment of Status, Plaintiff (along with all other Liberians) lost TPS protection.

resident of the United States on the basis of his recent marriage. The USCIS interviewed Plaintiff and his wife on March 8, 2007.

On June 20, 2007, the USCIS issued a decision denying Plaintiff's application to adjust status. In its decision letter, the USCIS stated that Plaintiff "cannot establish eligibility" because Plaintiff had entered the United States illegally, and thus was disqualified because he failed to "maintain continuously a lawful status since entry into the United States," as is generally required to be eligible for a status adjustment. See 8 U.S.C. § 1255(c). The USCIS decision letter did not, however, contain any discussion of Plaintiff's TPS status. The law pertaining to TPS, in addition to granting limited residency and work privileges, treats a TPS designee "as being in, *and maintaining*, lawful status as a nonimmigrant" for purposes of applying for an adjustment of status. 8 U.S.C. § 1254A(f)(4) (emphasis added). After informally and unsuccessfully requesting the USCIS to reconsider its denial on the basis of this provision, Plaintiff brought this mandamus action on September 4, 2007.

In his Motion to Adjudicate the Complaint, Plaintiff contends that the USCIS legally erred in determining that he was ineligible to apply for an adjustment of status because it failed to take into account the mandate of 8

3

U.S.C. § 1254A(f)(4) that Plaintiff, as a TPS designee, be considered as "being in, and maintaining, lawful status" for purposes of an application to adjust status.  Id.  Plaintiff asserts that this provision overrides 8 U.S.C. § 1255(c), and, in effect, excuses his illegal entry into the United States.  Plaintiff asks this Court to review the USCIS's interpretation of the interplay between 8 U.S.C. § 1254A(f)(4) and 8 U.S.C. § 1255(c) and to require the USCIS to reconsider his application.

In lieu of filing an answer, Defendant moves to dismiss this action, arguing that this Court lacks subject matter jurisdiction to review the USCIS's decision on Plaintiff's application to adjust status.   Defendant argues that Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), precludes a district court from issuing the relief Plaintiff seeks because the adjudication of an application for adjustment of status is within the exclusive discretion of the Attorney General and is only reviewable under limited circumstances by the federal court of appeals.[3]  For the reasons

---

[3] Defendant also argues that Plaintiff has failed to exhaust his administrative remedies by moving to reconsider the USCIS's decision or moving to reopen the proceeding within 30 days.  Because the Court concludes that it does not have subject matter jurisdiction over the instant action, it does not consider Defendant's alternative ground for dismissal.

4

that follow, the Court agrees that it does not have subject matter jurisdiction over the instant action.

## Discussion

Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), authorizes the Attorney General, in his discretion, to adjust the residency status of aliens who have been admitted into the United States. It provides:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Id. (emphasis added).

Because the adjudication of applications to adjust status is within the exclusive discretion of the Attorney General, judicial review of such a decision is limited. Under Section 242(a)(2)(B) of the INA, no court may review a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the

5

discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum] relief." 8 U.S.C. § 1252(a)(2)(B)(ii). The Attorney General is explicitly granted under Section 245 the discretion to decide whether to grant or deny applications to adjust status, and thus the jurisdiction-stripping language of Section 242(a)(2)(B) "makes unreviewable his use of that discretion." Akhtar v. Gonzales, 450 F.3d 587, 590 (5th Cir. 2006); see also Arias v. U.S. Attorney General, 482 F.3d 1281, 1284 (11th Cir. 2007).

But Section 1252(a)(2) does not altogether foreclose judicial review. Subparagraph (D) provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of *constitutional claims or questions of law* raised upon a petition for review filed with *an appropriate court of appeals* in accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (emphasis added).

Thus, the *courts of appeals*—and not the district court—retain jurisdiction to consider genuine constitutional and legal challenges to the denial of an application to adjust status. Brown v. U.S. Attorney General, 187 F.

6

App'x 934, 935 n.2 (11th Cir. 2006) (unpublished) (holding that appellate court had jurisdiction to consider whether immigration judge "applied the wrong legal standard to determine his eligibility to adjust status," but did not have jurisdiction to review "factual and discretionary determinations"); Soto-Sosa v. U.S. Attorney General, 154 F. App'x 141, 144 (11th Cir. 2005) (unpublished) ("[A]lthough § 1252(a)(2)(B) generally precludes appellate review of discretionary decisions, it 'does not preclude review of non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief.'") (citing Gonzalez-Oropeza v. U.S. Attorney General, 321 F.3d 1331, 1332 (11th Cir. 2003)).[4] Despite Plaintiff's protestations to the contrary, the broad jurisdiction-stripping effect of Section 242(a)(2)(B) combined with the limited preservation

---

[4] Other courts have reached the same conclusion in published decisions. See, e.g., Jarad v. Gonzales, 461 F.3d 867, 869 (7th Cir. 2006) (Easterbrook, J.) (Section 1252(a)(2) "must bar a claim that the agency acted imprudently" on an application for adjustment of status, but authorizes courts of appeals to consider genuine constitutional challenges and non-discretionary questions of law); Hailemichael v. Gonzales, 454 F.3d 878, 886 (8th Cir. 2006) ("This Court lacks jurisdiction to review discretionary denials of adjustment of status, unless the petition for review raises a constitutional claim or question of law."); Akhtar, 450 F.3d at 590 (appellate courts have jurisdiction to review regulation changing eligibility requirements for application for adjustment of status because "the issue here is one of statutory interpretation, a pure legal task distinct from review of an individual decision on the merits of an application for adjustment."); see also Ayanbadejo v. Chertoff, 462 F. Supp. 2d 736, 741-42 (S.D. Tex. 2006); Afsharzadehyadzi v. Perryman, 214 F. Supp. 3d 884, 887 (N.D. Ill. 2002).

AO 72A
(Rev.8/82)

of jurisdiction exclusively in the federal courts of appeals precludes this Court from exercising jurisdiction over actions which seek review of a decision on an application to adjust status.

In short, Plaintiff has selected the wrong forum for adjudicating his challenge to the USCIS's legal determination that he was ineligible to apply for a status adjustment. Although styling his challenge as a petition for a writ of mandamus, Plaintiff requests this Court to review the legal determination made by the USCIS on his application to adjust status.[5] Section 242 of the INA makes clear that this is not the "appropriate" court to conduct such review, and thus, this Court does not have subject matter jurisdiction over the instant action.

---

[5] The USCIS has already rendered a decision on Plaintiff's application for an adjustment of status, and thus this action is distinct from a mandamus action to compel the USCIS to adjudicate a *pending* application to adjust status after unreasonable delay. This Court has previously held that the district courts retain jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act to entertain such an action, notwithstanding the jurisdiction-stripping provision of the INA, because the Attorney General's duty to process an application within a reasonable time is non-discretionary and delay in adjudicating an application is not an "action or decision" immunized by the INA from judicial review. See Belegradek v. Gonzales, __ F. Supp. 2d __, No. 1:07-CV-0589-RWS, 2007 WL 3091078 (N.D. Ga. Oct. 18, 2007). Because Plaintiff's application has in fact been adjudicated and he seeks review of the Attorney General's decision, Plaintiff's reliance on the line of cases addressing unreasonable delay in adjudication is misplaced.

Accordingly, Defendant's Motion to Dismiss [5] is **GRANTED**. As a result of the Court's conclusion that it does not have subject matter jurisdiction over this action, Plaintiff's Motion for Adjudication of Complaint for Writ of Mandamus [2] is **DENIED as moot**.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Adjudication of Complaint for Writ of Mandamus [2] is **DENIED as moot** and Defendant's Motion to Dismiss [5] is **GRANTED**. This action is hereby **DISMISSED without prejudice**.

**SO ORDERED** this __14th__ day of November, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)